

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

January 21, 2015

**Via Email to SullivanNYSDChambers@nysd.uscourts.gov and ECF**

Hon. Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

    Re:    <u>SEC v. Zachary Zwerko and David L. Post (14-cv-8181-RJS)</u>

Dear Judge Sullivan:

    We represent the Plaintiff, Securities and Exchange Commission (the "Commission"), in this action. On January 6, 2015, this Court ordered ("Order"), among other things, that the parties appear for an initial status conference on January 30, 2015, make a joint submission to the Court, and submit a proposed case management plan and scheduling order.

    After consultation with counsel for the Defendants and counsel for the Government in the pending parallel criminal action against the Defendants before Judge Hellerstein (<u>United States v. Post, et ano.</u>, 14-cr-715-AKH), we submit this letter on behalf of the Commission and the Defendants (I) to provide the Court with the background of this action and the information requested in items (1) through (7) of the Order; and (II) to request that (a) the Court hold a pre-motion conference on Defendant Zwerko's application to stay this matter pending the resolution of the criminal proceeding at the January 30, 2015 conference; and (b) the parties' obligation to submit a proposed case management plan and scheduling order be suspended until the conclusion of the pre-motion conference.

**I.**    **Background**

    **(1)**    **A Brief Statement of the Nature of the Action and the Principal Defenses Thereto.**

    The Commission commenced this action on October 10, 2014 against Defendant Zachary Zwerko and amended its complaint to name Defendant David L. Post on October 24, 2014. The Amended Complaint alleges that Defendant Zwerko – then an insider at a large pharmaceutical

company – entered into an insider trading scheme with David L. Post – a friend from business school employed in the financial services industry – to misappropriate confidential information about Zwerko's employer's acquisition targets and buy in advance of the announcement of an acquisition by the employer or a competing bidder. The Amended Complaint alleges that Defendant Post made profitable trades ahead of at least two acquisitions announced on June 9, 2014 and April 23, 2012 based upon repeated tips from Defendant Zwerko. At the time of the trades in question, Defendant Zwerko was tasked with, among other things, evaluating potential acquisition targets for his employer and was subject to confidentiality obligations. The Amended Complaint alleges that the trading in question generated over $683,000 in profit.

The Amended Complaint also alleges that the two shared illegal profits and took steps to hide their scheme. For example, the Complaint alleges that on two occasions, Defendant Post handed Zwerko a total of $57,000 in cash at Post's home, and that the two communicated in code through draft emails.

Following a parallel investigation, the United States Attorney's Office for the Southern District of New York brought criminal charges against Defendant Zwerko on the same day that the Commission filed the initial Complaint (14-cr-715-AKH, Docket Entry ("DE") 1) and against Defendant Post on the same day as the filing of the Amended Complaint (id., DE 2.) Defendant Zwerko has pleaded not guilty and has a status conference scheduled for January 22, 2015. On October 24, 2014, Defendant Post waived indictment and pleaded guilty to counts one through four of an Information filed that day. On December 30, 2014, Judge Hellerstein "So Ordered" a stipulation by Defendant Post to pay $598,948.12 in partial forfeiture (id., DE 14), and that payment has been made to the Government. A control date of February 6, 2015 has been set for Defendant Post's criminal sentencing.

### (2) A Brief Explanation of Why Jurisdiction and Venue Lie in This Court.

The Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A and 27 of the Securities Exchange Act of 1934, 15 U.S.C. ¶¶ 78(u)(d), 78u(e), 78u-1 and 78aa. Venue lies with the Court because acts in furtherance of the Defendants' scheme occurred in this District, including communications in furtherance of the scheme. In addition, during the time in question, the shares of the companies in question were traded on the Nasdaq market, which is located in this District.

### (3) A Brief Description of All Outstanding Motions and/or Outstanding Requests to File Motions.

As detailed at length below, Defendant Zwerko seeks permission to apply for a stay. There are no other outstanding issues or requests to file motions.

**(4)** **A Brief Description of Any Discovery That Has Already Taken Place, and That Which Will be Necessary for the Parties to Engage in Meaningful Settlement Negotiations.**

None.

**(5)** **A List of All Prior Settlement Discussions, Including the Date, the Parties Involved, and the Approximate Duration of Such Discussions, if any.**

The Commission has had proffers with Defendant Post or settlement discussions with counsel for Defendant Post on October 9, 2014 (approximately 2 to 3 hours); October 14, 2014 (approximately 2 to 3 hours); October 24, 2014 (approximately five to ten minutes); October 27, 2014 (approximately ten to fifteen minutes); November 10, 2014 (approximately ten to fifteen minutes); January 5, 2015 (approximately ten to fifteen minutes); and January 14, 2015 (approximately five to ten minutes). Currently the Commission and Defendant Post are discussing the possibility of a bifurcated settlement, which in part would resolve Defendant Post's liability but allow for future resolution of any disgorgement or monetary penalties. The Commission has had communications that could be considered settlement discussions with counsel for Defendant Zwerko on January 8, 2015 (approximately five minutes).

**(6)** **The Estimated Length of Trial**

The parties estimate that a trial would last one to two weeks.

**(7)** **Any Other Information That You Believe May Assist This Court in Resolving This Action.**

Please see Section (1), above.

**II.  Pre-Motion Conference on Stay Motion**

In light of the pending criminal case before Judge Hellerstein, Defendant Zwerko and the Government have expressed an interest in a stay of this case pending resolution of the criminal matters. In addition, Defendant Post has expressed consent to such a stay. Based on our discussions with the Assistant United States Attorneys for the Government in the criminal case, it is our understanding that should the Court deny Defendant Zwerko's application for a stay, the Government may make a motion to intervene and seek a stay in this matter. The Commission believes that a stay here would be appropriate. A stay would increase efficiency by giving the Court and the parties the benefit of knowing any liability and sentencing determinations from the parallel criminal case. Accordingly, the parties request that (a) the Court hold a pre-motion conference on Defendant Zwerko's application to stay this matter pending the resolution of the criminal proceeding at the January 30, 2015 conference; and (b) that the parties' obligation to submit a proposed case management plan and scheduling order be suspended until the conclusion of the pre-motion conference.

* * *

If the Court has any further questions, we may be reached at 212-336-0565/rielyc@sec.gov (Charles Riely), or 212-336-0124/barbierid@sec.gov (Dominick Barbieri).

Respectfully submitted,

Charles D. Riely  
Dominick D. Barbieri

cc (via email):

Craig Carpenito, Esq.  
Alston & Bird  
90 Park Ave.  
New York, New York 10016  
Craig.Carpenito@alston.com  
(Counsel for Defendant David L. Post)

Jeffrey Denner, Esq.  
Denner Criminal Defense Group  
4 Longfellow Place, 35th Floor  
Boston, Massachusetts 02114  
jdenner@dennerlaw.com  
(Counsel for Defendant Zachary Zwerko)